# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| REX FRANCO FABROS, | CASE NO. 09cv1024-LAB (BLM) |
|---|---|
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| vs. | |
| IVAN D. CLAY, Warden, | |
| Respondent. | |

Rex Fabros, a prisoner in state custody, filed a petition for writ of habeas corpus in this Court on May 11, 2009. Pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) and (d), the petition was referred to Magistrate Judge Barbara Major for a report and recommendation. Respondent answered the petition on July 15, 2009, Fabros did not file a traverse, and on February 26, 2010 Judge Major issued her R&R. The R&R recommended that the petition be denied. Fabros filed a timely objection.

## I.     Legal Standard

In reviewing an R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." In other words, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*,

//

but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because Fabros is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**II.     Discussion**

Fabros was convicted of committing a lewd act upon a child, committing a lewd act upon a child fourteen or fifteen years of age, unlawful sexual intercourse with a minor more than three years younger than he, forcible rape, and false imprisonment by violence, menace, fraud and deceit. He challenges his conviction on three grounds: (1) it was supported by insufficient evidence; (2) the trial court erred when it excluded relevant and admissible evidence; and (3) his trial counsel was ineffective.

The R&R's discussion of the habeas standards and each of Fabros's claims is exemplary. The relevant habeas standard comes from 28 U.S.C. § 2254(d)(1). Fabros's conviction must stand unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

**A.     Sufficiency of the Evidence**

Under the Constitution, evidence is insufficient to sustain a conviction only when "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The R&R canvasses the evidence adduced at trial and finds that "there was sufficient evidence to support the sex crimes charged . . . ." (R&R at 18.) Fabros's objection, which doesn't confront the R&R head-on as much as it just restates his habeas claim, cannot overcome this conclusion. In essence, Fabros doesn't seek habeas relief as much as an attempt to retry his case. But habeas courts "must respect the province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict." *Walters v. Maass*, 45 F.3d 1355, 1358 (9th

Cir. 1995). Indeed, the Court must consider the evidence "in the light most favorable to the prosecution." *Jackson*, 443 U.S. at 324. The Court is more than satisfied with the R&R's treatment of ground one of Fabros's habeas petition. Fabros's objection is **OVERRULED**, and the petition is **DENIED** as to ground one.

### B. EXCLUSION OF EVIDENCE

As the R&R explains, Fabros's claim that relevant evidence was improperly excluded doesn't even get off the ground because habeas relief isn't available for an alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Assuming, as the R&R does, that Fabros is alleging a due process violation, he would have to show that the allegedly improper exclusion of evidence was so prejudicial that it rendered his trial fundamentally unfair. Following the discussion in the R&R, the Court finds that Fabros cannot make that showing. His objection to the R&R is **OVERRULED**, and the petition is **DENIED** as to ground two.

### C. Ineffective Assistance of Counsel

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations omitted).

Fabros insists that his rights under *Strickland* were violated when his attorney failed to impeach his sole accuser, who also happened to be the chief witness against him. But as the R&R explains, the point on which Fabros believes his accuser could have been impeached has little to do with the overwhelming evidence against him. Under *Strickland*, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The R&R reasons, "Given the overwhelming evidence of guilt that was presented at trial, and the minimal impact of the

alleged impeaching evidence, there is no reasonable probability that the result of Petitioner's trial would have been different if defense counsel had investigated Hillary's summer school attendance and presented evidence that she did not attend summer school." (R&R at 31.) The Court emphatically agrees. Fabros's objection to the R&R is **OVERRULED**, and the petition is **DENIED** as to ground three.

**III.     Conclusion**

The Court **APPROVES** and **ADOPTS** the R&R, and **DENIES** the petition in its entirety.

**IT IS SO ORDERED**.

DATED: December 9, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge